## CONE v. CONE (No. 2).

Circuit Court, Dade County.
May 20, 1953.

Milton R. Wasman, Miami, for defendant father.

Ralph H. Ferrell of Redfearn & Ferrell, Miami, for Mrs. Evans, intervenor.

STANLEY MILLEDGE, Circuit Judge.

This cause is heard on rehearing to determine what provision should be made "for visitation by the father and support money for the children as may to the chancellor seem fitting and proper" as required by the Supreme Court's mandate.

Neither the chancellor nor the Supreme Court has found the father unfit. The Supreme Court finds that the best interests of his two children "would be served by awarding their custody to Mrs. Evans, for the present."

What then should be the financial obligation of a father to his children temporarily in the custody of a legal stranger, in the circumstances of this case?

I am not aware of any principle of law or morals by which the custodian of a child may take a profit from the parent. Mrs. Evans lives with her sister who pays the expenses of food and housing and will not accept any payments for this. For Mr. Cone to be required to send money for food and housing will not reimburse Mrs. Evans for her expenses, but is a mere compulsory gift. Furthermore, this is not a matter which has only recently arisen. Mrs. Evans represented to the court last October that her sister would take care of the children if they were awarded to Mrs. Evans. This was said to induce the court to award her the children. Having succeeded she could not change her position, nor has she tried to. Since the Supreme Court's decision Mrs. Evans has twice stated that her sister pays for the food and housing and will not accept payment.

There are, of course, other expenses. Mrs. Evans testified that laundry amounts to $3 per week. School lunches come to $2.50 per week. An estimate for dry cleaning is $1 per week. It would be more practical to meet these expenses by payment from Mr. Cone to Mrs. Evans.

There are other expenses which Mr. Cone should meet directly, such as clothing, medical expenses, amusement and incidental expenses; that is he should buy the clothes, pay the medical bills to the doctors and send money for other needs directly to the children. This would encourage Mrs. Evans to permit Mr. Cone to visit the children or have them visit him, and it would give the children a sense of having a father who did things for his children. For the children to come to Miami to see their father; go shopping with him for their clothing, would tend to prevent the father from being permanently shut off from the affections of his children. If Mr. Cone is allowed to send to the children directly the cash each week for their haircuts and their picture shows, etc., this will encourage their writing to their father.

Mr. Cone has been adjudicated a fit parent and the Supreme Court held that he has a right of visitation. This right is meaningless in view of Mrs. Evans' open hostility to Mrs. Cone which, of course, the children have absorbed to some extent—unless the court can prescribe some effective safeguard. It should be made to Mrs. Evans' interest not to keep the children estranged from their father.

I see no basis for imposing attorney's fees and costs on Mr. Cone. He is not being called to account, on contempt proceedings, for violation of the court's order.

It is ordered that Allen Michael Cone pay to Lillian B. Evans each week for the use of his children the sum of $5.50 for laundry and school lunches, and $4 per week for laundry and dry cleaning after the end of the school year, and that he furnish directly to the children their clothing and amusement and incidental allowance, and that he pay directly such medical and dental expenses as he incurs, or authorizes (except in the event of an emergency Mrs. Evans may commit Mr. Cone to this type of expense so long as it is reasonable). Upon 24 hours notice Mr. Cone may visit the children on any week-end of Saturday and Sunday and take them away from home if he wishes. During the summer he may have the children with him for any 4 week period he designates 10 days in advance, paying their transportation from and to the home of Mrs. Evans. No attorney's fees or costs are awarded.